IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:24-cr-216-ECM |
| | ) | [WO] |
| TERRELL EDWARDS | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On July 30, 2025, a jury convicted Defendant Terrell Edwards ("Edwards") of one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846. (Doc. 804). Now pending before the Court is Edwards' motion for new trial pursuant to Federal Rule of Criminal Procedure 33. (Doc. 820). After careful review, and for the following reasons, the Court concludes that Edwards' motion is due to be denied.

**II. LEGAL STANDARD**

Pursuant to Rule 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). A new trial is warranted if "[t]he evidence . . . preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Gallardo*, 977 F.3d 1126, 1139–40 (11th Cir. 2020) (first alteration in original) (quoting *United States v. Brown*, 934 F.3d 1278, 1297 (11th Cir. 2019)). "When considering a motion for a new trial, the district court may weigh the evidence and consider the credibility of the witnesses." *Brown*, 934 F.3d at 1297 (quoting *United States v. Albury*, 782 F.3d 1285, 1295 (11th Cir. 2015)).

However, granting a new trial "based on the weight of the evidence is 'not favored' and is reserved for 'really exceptional cases.'" *Id.* (quoting *United States v. Martinez*, 763 F.2d 1297, 1313 (11th Cir. 1985)).

### III.  DISCUSSION

The Court presided over Edwards' entire trial, which began on July 28, 2025, and concluded on July 30, 2025.  The Government called five witnesses, including Edwards' codefendant Carlos Olivo Ynirio-Sanchez ("Sanchez"), Kevin Soles ("Soles"), Derrick Lamar Ross ("Ross"); and two law enforcement officers, including Drug Enforcement Administration Task Force Officer Ethan Wiggins ("TFO Wiggins").  TFO Wiggins testified about, among other topics, recorded telephone calls which had been obtained pursuant to a Title III wiretap.

In his motion for new trial, Edwards argues that the jury's verdict was "inconsistent with the actual evidence presented." (Doc. 820 at 5).  In support, he contends that neither law enforcement officer testified that he had seen Edwards possess a controlled substance. Additionally, Edwards argues that TFO Wiggins' testimony about the wiretapped phone calls ran afoul of the Eleventh Circuit's decision in *United States v. Hawkins*, 934 F.3d 1251 (11th Cir. 2019).[1]  Edwards also argues that Sanchez, Soles, and Ross were not credible.[2]  The Court addresses each argument in turn.

---

[1] Although Edwards does not provide a specific citation, the Court presumes from context that he refers to this case.

[2] Edwards made substantially the same arguments at trial in support of his motions for judgment of acquittal under Rule 29, which the Court denied.

First, Edwards is not entitled to a new trial on the grounds that the law enforcement officers did not testify that they had seen Edwards possess a controlled substance. Edwards was charged with *conspiracy* to distribute and possess with intent to distribute a controlled substance. This charge required the Government to prove beyond a reasonable doubt that "(1) an illegal agreement existed to possess with the intent to distribute a controlled substance; (2) [Edwards] knew of the agreement; and (3) [Edwards] knowingly and voluntarily joined the agreement." *See United States v. Gregory*, 128 F.4th 1228, 1246 (11th Cir. Feb. 13, 2025). The Government was not required to prove that Edwards actually possessed a controlled substance.[3] Thus, granting a new trial is not warranted on this basis.

The Court next turns to Edwards' argument regarding TFO Wiggins' testimony and *Hawkins*. TFO Wiggins testified at Edwards' trial as a lay witness, not as an expert. TFO Wiggins was the case agent for this drug conspiracy which involved, at a minimum, the fifteen codefendants indicted in this case. As relevant here, TFO Wiggins testified that certain words and phrases used during the wiretapped phone calls were coded language commonly employed by drug dealers to indicate, for example, types of drugs or drug quantities. His testimony was based on his years of knowledge, training, and experience from investigating drug crimes, as well as his knowledge and experience as the case agent for this particular drug conspiracy.

---

[3] The Court notes, however, that other witnesses testified that they had seen Edwards possess a controlled substance.

3

Citing *Hawkins*, Edwards argues that TFO Wiggins' testimony regarding the meaning of coded language was inadmissible. The Court disagrees. In *Hawkins*, the Eleventh Circuit held that certain testimony of a law enforcement officer, who testified as an expert witness, was inadmissible because he "'interpreted' unambiguous language, mixed expert opinion with fact testimony, and synthesized the trial evidence for the jury," and "[h]is testimony strayed into speculation and unfettered, wholesale interpretation of the evidence." 934 F.3d at 1261. The court reaffirmed, however, that "experienced narcotics agents may testify as experts to help juries understand the drug business, codes, and jargon." *Id.* Additionally, the Eleventh Circuit has made clear that "law-enforcement officers can testify as lay witnesses," and "[l]ay witnesses may draw on their professional experiences to guide their opinions without necessarily being treated as expert witnesses." *United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir. 2017). The court has also held that a law enforcement officer's testimony interpreting code words was permissible lay opinion because "[h]e limited his testimony to what he learned during this particular investigation, and he testified that he interpreted code words based on their context." *United States v. Jayyousi*, 657 F.3d 1085, 1103–04 (11th Cir. 2011); *see also United States v. Williams*, 865 F.3d 1328, 1342 (11th Cir. 2017).[4]

---

[4] The Eleventh Circuit has also suggested, however, that code language testimony requires "scientific, technical, or other specialized knowledge"—and thus that the witness be qualified as an expert—if the witness "speak[s] generally from prior experiences or training instead of using her knowledge of the code language used by the conspirators during the investigation of that very case." *Williams*, 865 F.3d at 1342.

Having presided over the entire trial, the Court finds that TFO Wiggins' testimony did not cross the line into the areas which the Eleventh Circuit found problematic in *Hawkins*. While he offered opinions about the meaning of certain coded drug language, he did not interpret unambiguous language, "synthesize[] the trial evidence for the jury," or "stray[] into speculation and unfettered, wholesale interpretation of the evidence." *Cf. Hawkins*, 934 F.3d at 1261. Moreover, even if TFO Wiggins had "offered an expert opinion, any claimed error would be harmless" because TFO Wiggins "could have been qualified as an expert," and Edwards fails to show that any failure to notice TFO Wiggins as an expert prejudiced him. *See Jeri*, 869 F.3d at 1265–66 (reaching the same conclusion regarding a law enforcement officer who offered lay opinion testimony). Consequently, the Court concludes that Edwards is not entitled to a new trial on this basis, either.

Finally, the Court addresses Edwards' argument that he is entitled to a new trial because Sanchez, Soles, and Ross were not credible. While this Court "may weigh the evidence and consider the credibility of witnesses" in evaluating a motion for new trial, the Court "may not *reweigh* the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Moore*, 76 F.4th 1355, 1363 (11th Cir. 2023) (emphasis in original) (first quoting *Brown*, 934 F.3d at 1297; then quoting *Gallardo*, 977 F.3d at 1140). Moreover, the Court "may grant a new trial based on the weight of the evidence even if the evidence is sufficient to convict in the *rare* case in which the evidence of guilt[,] although legally sufficient[,] is thin and marked by uncertainties and discrepancies." *Id.* (emphasis in original) (quoting *Brown*, 934 F.3d at 1298). Having

presided over the entire trial and heard all the testimony, the Court has little trouble concluding that this case is not one of the "really exceptional cases" where granting a new trial is warranted based on the weight of the evidence. *See Brown*, 934 F.3d at 1297. Consequently, Edwards' motion for new trial is due to be denied.

## IV.  CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that Edwards' motion for new trial (doc. 820) is DENIED.

DONE this 16th day of October, 2025.

                                            /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE